IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ISIDORO RODRIGUEZ,

    Plaintiff,

v.

                        Case No. 3:12-cv-00663-JAG

JANE/JOHN DOE, *et al.*

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on three motions to dismiss filed by the defendants (Dk. Nos. 32, 36, 39) and a motion for sanctions filed by the Commonwealth defendants. (Dk. No. 43.) The *pro se* plaintiff ("Rodriguez") filed his particularized complaint in this Court on October 16, 2012. (Dk. No. 11.) Rodriguez alleges a vast multi-year conspiracy in which the Commonwealth of Virginia, the federal government, members of the Virginia State Bar, various courts, and a private individual engaged to deprive the plaintiff of his law license.

Rodriguez alleges four claims in his particularized complaint: (1) constitutional tort of treason and misprision of treason, (2) systematic interstate racketeering enterprise, (3) business conspiracy, and (4) writ of quo warranto for misuse of office. Rodriguez brought this case against well over fifty defendants, including the Commonwealth defendants,[1] the federal

---

[1] The Commonwealth defendants include: Chief Justice of the Supreme Court of Virginia Cynthia D. Kinser, Justice Donald W. Lemons, Justice S. Bernard Goodwyn, Justice Leroy F. Millette, Jr., Justice William C. Mims, Justice Elizabeth A. McClanahan, Justice Cleo E. Powell, Senior Justice Harry L. Carrico, Senior Justice Charles S. Russell, Senior Justice Elizabeth B. Lacy, and Senior Justice Lawrence L. Koontz; Attorney General Kenneth T. Cuccinelli, II, and Senior Assistant Attorney General Catherine Crooks Hill; former members of the Virginia State Bar Disciplinary Board James Leroy Banks, Jr., William Ethan Glover, Stephen A. Wannall,

defendants,[2] and Jack Harbeston.[3] The defendants have moved to dismiss Rodriguez's claims. The Commonwealth defendants also seek sanctions.

The Court GRANTS all three motions to dismiss. The Court dismisses the plaintiff's federal and state law claims with prejudice for the reasons explained below.[4] Additionally, pursuant to the terms of the Show Cause Order accompanying this Memorandum Opinion, the Court orders Rodriguez to show cause as to why the Court should not enjoin him from filing,

---

Glenn M. Hodge, and William Carlyle Boyce, Jr.; Jane/John Doe Officers of the Virginia State Bar, President of the Virginia State Bar Sharon D. Nelson and Virginia State Bar Assistant Ethics Counsel Barbara Saunders, as well as officers and members of various Virginia State Bar Committees including Alan Anderson, John Tarley, Jr., Tracy Allen Giles, Jon David Huddleston, Ray Webb King, Kevin Edward Martingayle, M. Janet Palmer, Theophani Katherine Stamos, and Ronald R. Tweel; Jane/John Does Officers/Members of the Virginia Employment Commission, Manager of Accounts Receivable Ronald Hudson, and the Commissioner of the Virginia Employment Commission John R. Broadway.

[2] The federal defendants include all federal agencies, entities, and employees sued by Rodriguez when acting in their official capacity. This includes: Chief Justice of the U.S. Supreme Court John Roberts, Justice Antonin Scalia, Justice Sonia Sotomayor, Justice Elena Kagan; Judge Leonie Brinkema, Judge Richard Roberts, Judge Paul Friedman, Judge James Boasberg, Judge John Colvin, Judge Paige Marvel, Judge Richard Morrison, Judge Laurence Whalen; Clerk of the U.S. Supreme Court William Suter; U.S. Commissioner of Internal Revenue Douglas Shulman; U.S. Attorney General Eric Holder; U.S. Department of Justice Tax Attorney Richard Schwartz; U.S. Court of Appeals for the District of Columbia, Second Circuit, Third Circuit, Fourth Circuit, Federal Circuit, U.S. Department of Justice, U.S. Attorney's Office for the District of Columbia, U.S. Attorney's Office for the Eastern District of Pennsylvania, U.S. Attorney's Office for the Southern District of New York, and D.C. Court of Appeals Committee on Admissions. The Court granted all federal defendants sued in their individual capacity an extension of time to respond until the Court issued an opinion on the motions to dismiss.

[3] Jack Harbeston is a corporate officer of an entity that allegedly contracted with a law firm with which Rodriguez was previously associated with in the Republic of Colombia ("Colombia"). Rodriguez's Colombian law firm pursued litigation in Colombia on behalf of this corporate entity. At some point, there was litigation between Rodriguez, Harbeston, and the corporate entity of which Harbeston was an officer. This litigation resolved in favor of Harbeston and the corporate entity of which he was an officer. Rodriguez alleges that Harbeston is part of the conspiracy because he filed a complaint against Rodriguez with the Virginia State Bar and D.C. Court of Appeals Committee on Admissions. (Part. Compl. ¶ 6.)

[4] The Court will not decide Harbeston's personal jurisdiction claim since the Court has dismissed the case.

2

without the Court's permission, any federal lawsuit alleging an injury from the Virginia State Bar's revocation of his license to practice law.

## I. STATEMENT OF FACTS

The complaint relates to an event that occurred on November 28, 2006. On that date, the Virginia State Bar Disciplinary Board ("Board") issued an Order revoking Rodriguez's license to practice law in the Commonwealth. The Board disbarred Rodriguez based on his conduct in relation to two matters. The first matter involved issues related to representation involving the recovery of sunken treasure off the Columbia coast. The second matter involved misconduct during a child custody case.

Following the Board's ruling, the plaintiff pursued an appeal of right to the Supreme Court of Virginia. The Supreme Court of Virginia conducted its own independent review of the entire record and affirmed the decision of the Board by Order dated June 29, 2007. *Rodriguez v. Va. State Bar*, No. 070283 (Va. June 29, 2007) (affirming the Board's revocation of Rodriguez's license) (Defs.' Mem. Supp. Mot. Dismiss, Ex. 2, Dk. No. 33-2). Following Rodriguez's disbarment by Virginia, several courts throughout the country imposed reciprocal discipline and disbarred him from practicing before their respective courts. Additionally, because Rodriguez lost his law license, the Virginia Employment Commission discontinued his unemployment benefits.

In the six years following the revocation of his license to practice law, Rodriguez has filed a series of cases throughout the country attempting to challenge his disbarment and alleging a mass government conspiracy against him by the Virginia State Bar, the D.C. Committee on Admissions, the Virginia Attorney General's Office, the U.S. Department of Justice, state judges, U.S. Tax Court judges, and federal judges. *See, e.g., Rodriguez v. Shulman*, 844 F. Supp. 2d 1

(D.D.C. 2012); *Rodriguez v. U.S. Tax Court*, 398 F. App'x. 614 (D.C. Cir. 2010); *Rodriguez v. Va. Employment Comm'n*, No. 0291-09-4, 2009 WL 3074729 (Va. Ct. App. Sept. 29, 2009); *In re Rodriguez*, No. 06-9518, slip. op. (4th Cir. Oct. 20, 2008); *In re Rodriguez*, 304 F. App'x 947 (3rd Cir. 2008); *Rodriguez v. Editor in Chief, Legal Times*, No. 07-975, slip. op. (D.D.C. May 25, 2007), *aff'd*, 285 F. App'x 756 (D.C. Cir. 2008)

Courts have repeatedly rejected Rodriguez's claims. Most recently, the United States District Court for the District of Columbia dismissed *Rodriguez v. Shulman*, 844 F. Supp. 2d 1 (D.D.C. 2012). In response to each defeat, Rodriguez has filed a new complaint asserting the same basic claims, often adding as defendants the judge who rejected the prior claim and attorneys who defended the prior case. As an example, Rodriguez has now named District Judge James Boasberg, the judge who dismissed the plaintiff's most recent complaint in *Shulman*, as a defendant in the instant case.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a

defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, that is, the "plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557). Although the Court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Moore v. Flagstar Bank*, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (1990)). The Court may look to documents attached to the complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See Pueschel v. United States*, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted).

For a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "courts must 'assume[ ] all facts in the complaint are true, thus providing the plaintiff with the same procedural protections as a Rule 12(b)(6) determination.'" *Carter v. Arlington Pub. Sch. Sys.*, 82 F. Supp. 2d 561, 564 (E.D. Va. 2000) (quoting *Lane v. David P. Jacobson & Co.*, 880 F. Supp. 1091, 1094 (E.D. Va. 1995)). However, on a 12(b)(1) motion, "unlike Rule 12(b)(6), courts may consider evidence outside of the complaint to resolve factual disputes concerning jurisdiction without converting the motion into one for summary judgment." *Id.*

5

## III. DISCUSSION

Rodriguez asserts four counts: (1) constitutional tort of treason and misprision of treason, (2) systematic racketeering enterprise, (3) business conspiracy, and (4) writ of quo warranto for misuse of office. He asks this Court to (1) reinstate him to the Virginia Bar, (2) issue a writ of quo warranto against the Commonwealth defendants and Jack Harbeston, (3) award him compensatory and punitive damages, and (4) enjoin the Commonwealth from collecting $363.00 in overpaid unemployment compensation benefits. All four counts relate to Rodriguez's disbarment. The Court dismisses the claims with prejudice on various grounds. The Court discusses the applicable grounds for dismissal below.

### i. Res Judicata

Res judicata bars Rodriguez's complaint against many of the defendants. The doctrine of res judicata essentially says that a litigant only gets one bite at the apple to try a case. Once a case is won or lost, the parties may not relitigate the same issues again. The doctrine insures that a lawsuit leads to a final judgment that establishes for all time the rights of the parties to the litigation. For the defendants who Rodriguez has previously named in his prior cases, res judicata clearly bars his complaint.

Res judicata applies when (1) a court of competent jurisdiction issues a final judgment on the merits, (2) the plaintiff files a subsequent case involving the same parties or parties in privity with each other; and (3) the plaintiff bases the subsequent case on the same cause of action as the prior action. *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999).

As to the first element, several final judgments have rejected these same or similar claims by the plaintiff—most notably in *Rodriguez v. Shulman*, 844 F. Supp. 2d 1, 16 (D.D.C. 2012) and *Rodriguez v. Editor in Chief, Legal Times*, 285 F. App'x 756 (D.C. Cir. 2008). The court in

6

*Shulman* dismissed the plaintiff's complaint not only for failure to state a claim and judicial immunity, but also because res judicata and collateral estoppel barred his claim. Prior to *Shulman*, a court dismissed *Rodriguez v. Editor in Chief*. In that case, Rodriguez brought constitutional, RICO, and conspiracy claims against largely the same defendants as in the instant case and in *Shulman*.

Second, the instant case involves parties Rodriguez previously sued in the *Shulman* case, the *Editor in Chief* case, or both: James Leroy Banks, William Ethan Glover, Stephen Wannall, Glenn Hodge, William Carlyle Boyce, Jr., Chief Justice Cynthia Kinser, Justice Donald Lemons, Senior Justice Lawrence Koontz, Jr., Catherine Crooks Hill, Chief Justice John Roberts, Douglas Shulman, Eric Holder, Jack Harbeston, Judge Leonie Brinkema, Judge Richard Roberts, and Judge Paul Friedman.

Third, Rodriguez bases the instant complaint on the same causes of action as his prior complaints. The Fourth Circuit employs "a transactional approach" to determine whether an identity of claims exists. *Meekins v. United Transp. Union*, 946 F.2d 1054, 1058 (4th Cir. 1991). "[C]laims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts." *Grausz v. Englander*, 321 F.3d 467, 473 (4th Cir. 2003) (quoting *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996) (internal quotations omitted)). The preclusive effect of res judicata extends beyond claims or defenses actually presented in previous litigation. Not only does res judicata bar claims that a plaintiff raised and fully litigated, it also prevents litigation on grounds that the plaintiff previously had available to him, regardless of whether the plaintiff asserted the claims or the court decided the claims, in the prior proceeding. *Meekins*, 946 F.2d at 1057. Although Rodriguez slightly changed the wording of his claims in his various law suits, all the claims arise

out of his disbarment and all were previously available for him to assert. Thus, res judicata bars the claims against those defendants whom Rodriguez has previously sued.[5]

*ii. Rooker-Feldman Doctrine*

The *Rooker–Feldman* doctrine precludes a court from reviewing final judgments of a state court in a judicial proceeding. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 228 (4th Cir. 1997). The doctrine also prohibits the review of claims that are inextricably intertwined with state judicial proceedings. *See Brown & Root v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). The *Rooker-Feldman* Doctrine is jurisdictional in nature and strips the federal district courts of jurisdiction over the case.

For the doctrine to apply, four conditions must be met: (1) "the federal court plaintiff lost in state court," (2) the plaintiff complains of "injuries" from the state court judgment, (3) the state court judgment became final before the federal action began, and (4) the plaintiff in federal court invites "district court review and rejection" of the state court judgment. *Wilner v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007) (citing *Exxon Mobil Corp. v. Saudi Basics Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Rodriguez lost his case in the Supreme Court of Virginia when the court upheld the Bar's decision disbarring Rodriguez, the entirety of his injury comes from his disbarment, and the Virginia Supreme Court's decision became final in 2007, well before Rodriguez initiated this

---

[5] Rodriguez previously sued the following defendants: James Leroy Banks, William Ethan Glover, Stephen Wannall, Glenn Hodge, William Carlyle Boyce, Jr., Chief Justice Cynthia Kinser, Justice Donald Lemons, Senior Justice Lawrence Koontz, Jr., Catherine Crooks Hill, Chief Justice John Roberts, Douglas Shulman, Eric Holder, Jack Harbeston, Judge Leonie Brinkema, Judge Richard Roberts, and Judge Paul Friedman.

action in 2012. Thus, Rodriguez's claims meet the first three elements of the *Rooker-Feldman* Doctrine.

As to the fourth element, Rodriguez asks this Court to (1) enjoin the Board's Order, (2) enjoin the Virginia Supreme Court's decision, (3) reinstate him to the Virginia Bar, and (4) enjoin the Virginia Employment Commission from collecting overpayment of his unemployment compensation benefits. Thus, Rodriguez asks this Court to review and reject the prior Virginia Supreme Court decision disbarring Rodriguez—exactly what the *Rooker-Feldman* doctrine prohibits federal district courts from doing.

Rodriguez attempts to get around the jurisdictional issue by claiming that he only challenges "unconstitutional court rules." While Rodriguez might state in his complaint that he challenges unconstitutional court rules, in actuality his complaint challenges his disbarment, and asks this court to overrule the Virginia Supreme Court's decision.

Thus, to the extent that Rodriguez's claim challenges the Virginia Supreme Court's disbarment decision, this Court lacks jurisdiction to hear this case pursuant to the *Rooker-Feldman* doctrine.

### iii. Judicial Immunity

The doctrine of judicial immunity precludes Rodriguez's claims against the federal and state judges.[6] The law protects judges acting in their official capacity from suit by the doctrine of judicial immunity. *See Mireles v. Waco.* 502 U.S. 9, 10 (1992) (holding judicial immunity is a

---

[6] The federal and state judges consist of the following defendants: Chief Justice Cynthia Kinser, Justice Donald Lemons, Justice S. Bernard Goodwyn, Justice Leroy F. Millette, Jr., Justice William C. Mims, Justice Elizabeth A. McClanahan, Justice Cleo E. Powell, Senior Justice Harry S. Carrico, Senior Justice Charles S. Russell, Senior Justice Elizabeth B. Lacy, Senior Justice Lawrence L. Koontz, Jr., Chief Justice John G. Roberts, Justice Antonin Scalia, Justice Sonia Sotomayor, Justice Elena Kagan, Judge Leonie Brinkema, Judge Richard Roberts, Judge Paul L. Friedman, and Judge James E. Boasberg.

threshold question which requires summary dismissal); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (holding courts are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly). Judges can be held liable only when they act in clear absence of all jurisdiction. *Harlow v. Clatterbuck*, 339 S.E.2d 181, 184 (Va. 1986).

Rodriguez attempts to sidestep the doctrine of judicial immunity by alleging claims against these judges in their individual capacity. His attempt fails, however, because his alleged injuries arise from acts performed by the judicial officers when acting within their jurisdiction.

For example, with respect to the Virginia Supreme Court justices, Rule 5:21(b) of the Rules of the Supreme Court of Virginia gives a party the right to appeal a ruling from the Virginia State Bar Disciplinary Board directly to the Supreme Court of Virginia. Va. Sup. Ct. R. 5:21(b). Rodriguez exercised his appeal of right. Accordingly, the judicial defendants had jurisdiction to affirm the Board's judgment. Similarly, all the other judges were acting within their jurisdiction when hearing Rodriguez's various claims and appeals. Thus, judicial immunity bars Rodriguez's claims against the judges.

### iv. Failure to State a Plausible Claim for Relief

The Court also dismisses all of Rodriguez's claims for failure to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678–79. A claim becomes "facially plausible" when the complainant offers "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rodriguez's complaint fails to allege a claim on which this Court could plausibly grant relief. First, his federal and state treason and misprision of treason claims fail because no private right of action exists for the crime of treason and misprision of treason *See Hale v. Members of H. & Sen. of U.S.*, 5:12-CV-395-OC-34PRL, 2012 WL 5430962 at *1 (M.D. Fla. 2012) (treason is a criminal action that does not provide the plaintiff with a private right of action); *Carvel v. Ross*, 09 CIV. 0722 LAK JCF, 2011 WL 856283 at *12 (S.D.N.Y. 2011) (no private right of action exists for misprision of treason); *Wedel v. Centera Bank*, CIV.A. 10-1069-CM, 2010 WL 2949973 at *5 (D. Kan. 2010) ("There is no private cause of action for 'treason.'"). Treason and misprision of treason are criminal actions. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Only Congress establishes a private right of action to enforce a federal law. *Gage v. Kumpf*, CIV.A. 12-2620 FLW, 2012 WL 5630568 at *3 (D.N.J. 2012) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)).

Even if a private right of action did exist, the courts define treason as "[t]he offense of attempting by overt acts to overthrow the government of the state to which the offender owes allegiance; or of betraying the state into the hands of a foreign power." *United States v. Helmich*, 521 F. Supp. 1246, 1250 & n.4 (M.D. Fla. 1981).[7] Rodriguez alleges no facts supporting a claim for treason to the federal or state government or misprision of treason. *See Hale*, 2012 WL 5430962 at *2.

---

[7] Similar to the federal government, the State of Virginia defines treason as:
(1) Levying war against the Commonwealth; (2) Adhering to its enemies, giving them aid and comfort; (3) Establishing, without authority of the legislature, any government within its limits separate from the existing government; (4) Holding or executing, in such usurped government, any office, or professing allegiance or fidelity to it; or (5) Resisting the execution of the laws under color of its authority.
Va. Code Ann. § 18.2-481 (2009).

Second, his federal and state RICO claims fail to allege facts to support several required elements of a RICO claim. RICO forbids a person from using money from a pattern of racketeering activity to invest in an enterprise, acquiring control of an enterprise through racketeering activity, participating in the affairs of an enterprise through racketeering activity, or conspiring to commit any of the aforementioned acts. 18 U.S.C. § 1962(a)–(d). The Commonwealth's RICO statute tracks the language of the federal RICO statute. *See* Va. Code Ann. § 18.2-514 (2009).

Rodriguez completely fails to allege any facts showing that the defendants committed federal or state RICO violations. In essence, Rodriguez says that authoring an unfavorable judicial opinion amounts to racketeering activity. Rodriguez also alleges that the judges used telephones and the internet to conspire to advance a systematic interstate racketeering enterprise. Merely stating a legal conclusion that the defendants conspired with one another to conduct the affairs of an enterprise does not sufficiently establish a claim on which this Court can grant relief.

Third, Rodriguez's state business conspiracy claim fails because Rodriguez has not alleged any facts supporting the existence of a conspiracy designed to injure his business. *See* Va. Code Ann. §§ 18.2-499, 18.2-500 (2009). The Virginia business conspiracy statute makes it unlawful for "two or more persons [to] combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever." Va. Code Ann. § 18.2-499 (2009). The law requires that Rodriguez "plead the requisite concert of action and unity of purpose in more than 'mere conclusory language.'" *Bay Tobacco, LLC v. Bell Quality Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (quoting *Lewis v. Gupta*, 54 F. Supp. 2d 611, 618 (E.D. Va. 1999).

Rodriguez offers no facts that the defendants combined, associated, agreed, mutually undertook, or concerted together in order to willfully and maliciously injure Rodriguez's law practice.

Fourth, Rodriguez has no standing to make a claim for a writ of quo warranto. A writ of quo warranto is "[a] common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." *Black's Law Dictionary* 1285 (8th ed. 2004). "Because quo warranto is the prerogative writ by which the Government can call upon any person to show by what warrant he holds a public office or exercises a public franchise . . . a private individual has no standing to institute such a proceeding." *Id.* (citing *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 545 (1915)); *Blackburn v. O'Brien*, 289 F. Supp. 289, 292 (W.D. Va. 1968) (stating that a private individual has no standing to institute such a quo warranto proceeding). Thus, as a private individual, Rodriguez lacks standing to assert a claim for writ of quo warranto.

### v. Prefiling Injunction

The Commonwealth defendants have moved for sanctions. They ask that the Court enter a prefiling injunction that would prohibit Rodriguez "from filing any additional federal action related to the revocation of Rodriguez's license to practice law in Virginia." (Commonwealth Defs.' Mot. Sanctions 1, Dk. No. 43.)

The court in *Shulman* stated that "[w]hile the plaintiff may have escaped a pre-filing injunction here, he is warned that further similar suits could well tip the balance against him and lead to the imposition of such a sanction." *Rodriguez v. Shulman*, 844 F. Supp. 2d 1, 16 (D.D.C. 2012). As *Shulman* presaged, the balance has now tipped against Rodriguez. The Court must consider issuing a pre-filing injunction in order to stop his ongoing practice of filing the same case in another federal court every time a court dismisses his claims.

13

Rodriguez labels the Commonwealth defendants' motion for sanctions "outrageous and criminal." (Pl.'s Resp. to Mot. for Sanctions 28, Dk. No. 58.) Rodriguez states that:

> opposing counsel Farnaz Farkish participates in this on going constitutional torts "contort"), criminal conspiracy by willfully committing fraud upon the Court by distortion and spin of facts–so to arrogantly assert that the Defendant Virginia State Bar Disciplinary Board's ("Board") issued a valid order. Clearly, the linchpin of the contort and criminal conspiracy is to obstruct justice by obfuscation and fraud so to not respond to the undisputable evidence of willful violation of the underpinning of our constitutional system of limited government and separation of powers.

(*Id.* at 2.) Thus, not only does Rodriguez assert that the Commonwealth defendants' current counsel is part of the conspiracy, but that the motion is "both arrogant and surreal, because based on the evidence the VA Defendants have undertaken a *contort* and criminal conspiracy. Thus, the entire basis for this Rule 11 motion is destroyed." (*Id.* at 29). Rodriguez further argues that:

> [w]hat should be painfully apparent is that VA Defendants and their counsel resort to bizarre and ridiculous rhetoric because they do not have any legitimate constitutional or statutory authority for their acts. In the final analysis, the present motion is frivolous and wholly lacking in merit. The true purpose of the present motion is clear. The VA Defendants seek to intimidate and threaten Rodriguez . . . . Under these circumstances the VA Defendants motions should be subject of sanctions given the tremendous waste of the time and resources of both the Court and Rodriguez.

(*Id.*) The Court does not find this argument persuasive.

Courts have the constitutional obligation and the inherent power to protect against conduct that impairs the court's ability to conduct its functions. *Tucker v. Seiber*, 17 F.3d 1434, 1994 WL 66037 at *1 (4th Cir. 1994) (unpublished). The All Writs Act, 28 U.S.C. § 1651(a) "grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818–19 (4th Cir. 2004). Where a *pro se* plaintiff's "vexatious conduct hinders the court from fulfilling its constitutional duty,"

14

courts have placed limits on his ability to file new cases. *Tucker*, 17 F.3d 1434, 1994 WL 66037 at *1.

"The injunction, however, must not effectively deny access to the courts." *Whitehead v. Paramount Pictures Corp.*, 1:08CV792, 2009 WL 1491402 (E.D. Va. 2009) *aff'd in part sub nom. Whitehead v. Paramount Pictures, Inc.* 366 Fed. App'x 457 (4th Cir. 2010) (unpublished). The Fourth Circuit found a prefiling injunction enjoining a plaintiff from "*any and all* filings" in a pending case overbroad and an abuse of the district court's discretion. *Cromer*, 390 F.3d at 818–19.

A court uses a prefiling injunction when a drastic remedy becomes necessary. A court must use this remedy sparingly, consistent with the constitutional guarantees of due process and access to the courts. *Id.* at 817. The judiciary should not limit access to the courts absent "exigent circumstances, such as a litigant's continued abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). A court should approach the use of such a measure against a *pro se* plaintiff "with particular caution" and the issuing of a prefiling injunction should be "the exception to the general rule of free access to the courts." *Id.* at 818 (citing *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

The factors a court considers in evaluating whether to issue a pre-filing injunction include: (1) the party's history of litigation, particularly whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the court and other parties as a result of the party's filings; and (4) the adequacy of alternative sanctions. *Cromer*, 390 F.3d at 818 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The court must weigh all

of the relevant circumstances in making its decision. *Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24.

After considering all these factors, a court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue," or else it will not survive appellate review. *Cromer*, 390 F.3d at 818. Before a court issues a prefiling injunction, it must permit the party notice and opportunity to be heard in opposition to the injunction. *Id.* at 819.

The Court directs Rodriguez to appear at a show cause hearing. At the hearing, the Court will hear from Rodriguez on why the factors do not weigh in favor of the imposition of a federal prefiling injunction. The prefiling injunction would require him to seek leave of Court before filing a case in federal court related to the revocation of his law license.

## IV. CONCLUSION

For the reasons set forth above, the Court grants the defendants' motions to dismiss and dismisses all the claims with prejudice. The Court orders the plaintiff to show cause why the Court should not enjoin him from filing, without permission of the Court, any lawsuit alleging an injury from the Virginia State Bar's revocation of his license to practice law.

The Court shall issue appropriate orders.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and a copy via U.S. mail to the *pro se* plaintiff.

Date: April 12, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge